### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA FREEMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON INFORMATION SERVICES, )<br>)<br>Defendant. )<br>)<br>) | Case No. 2:06-CV-01566-GLL<br><br>Judge Lancaster |

### ORDER OF COURT

Plaintiff Debra Freeman ("Plaintiff") on August 27, 2007, filed her Motion to Compel "answers to certain document requests." See Docket Entry 19. The Court had twice extended discovery in this case at her request and, most recently, stated that no further discovery extensions would be granted. See Docket Entries 14 and 16. Plaintiff's Motion to Compel was filed twenty (20) days after the second extended discovery period closed on August 7, 2007.

Plaintiff generally states on page 2 of her motion that she seeks documents related to three individuals, Joel Carolla, Anthony Giampietro and Ronald Shoop. The Court notes that Plaintiff in this case served eight (8) document production requests. See Docket Entry 19, Ex. 4. Six of those document production requests related solely to Plaintiff (Nos. 1, 7 and 8) or sought copies of Defendant's policies and organizational charts (Nos. 3, 4 and 5). A seventh document production request (No. 2) sought unprivileged witness statements. Thus, seven of the eight document production requests do not concern Messrs. Carolla, Giampietro and Shoop and are not the subject of Plaintiff's Motion to Compel. This is confirmed by the Rule 37.1 correspondence that Plaintiff attached to her motion.

Document Request No. 6 is the only document production request that seeks documents related to Messrs. Carolla, Giampietro and Shoop. It requests personnel records including

qualification records/resumes; performance evaluations; disciplinary/performance records; lists of assignments; cellphone records; and, any investigations/inquiries into violations of company policy.

Because this is a disparate discipline case, the Court finds that Plaintiff is entitled to disciplinary records related to violations of company policy by the three managers identified in Document Request 6 who held the same job title as her. Thus, with respect to Messrs. Carolla, Giampietro and Shoop, Defendant is directed to produce within 14 days pursuant to the parties' Confidentiality Agreement disciplinary records related to violations of company policy by any of those three individuals.

Plaintiff's motion is denied in all other respects. Plaintiff does not contend that individual qualifications, performance or assignments played any role in Defendant's decision to terminate her employment. In fact, the two letters written by her lawyer pursuant to Local Rule 37.1 do not indicate that she is seeking production of such documents. Thus, the motion is denied with respect to such documents. Further, Plaintiff never requested in her document production requests any documents from the computers of Messrs. Carolla and Shoop regarding acquisition, sale or management of real estate properties, so Defendant is not obligated to produce such documents that never were requested in the first place. Lastly, Plaintiff never requested expense reports and, to the extent that she seeks production of them, she is not entitled to receive them.

By the Court on September 18th, 2007:

_____
Gary L. Lancaster, U.S. District Judge

cc:   Counsel of Record